THOMAS SKOPIS, Plaintiff-Appellee, *v.* THE DEPARTMENT OF TRANSPORTA-
TION *et al.*, Defendants-Appellants.

First District (5th Division) No. 60969

Opinion filed January 23, 1976.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

William J. Harte, Ltd., of Chicago, for appellee.

Mr. JUSTICE BARRETT delivered the opinion of the court:

This is an appeal taken by defendants from the order of the circuit court of Cook County reversing the decision of the Illinois Civil Service

Commission which discharged plaintiff from his duties as a highway maintenance laborer with the Department of Transportation of the State of Illinois. The Department had initiated discharge proceedings against plaintiff on July 12, 1973, charging him with being absent without leave for a period in excess of five working days in violation of Department of Personnel Rule 3-360.[1] Following the notice of discharge plaintiff requested a hearing before the Commission. A hearing was held on October 25, 1973. The charges for discharge of plaintiff read as follows:

> "AWOL over five days. 6-18, 19, 20, 21, 22, 25, 26, 27, 28, 29; 7-2, 3, 5, 8, 10, 11 and 12, 1973."

Most of the facts pertinent to this appeal are not in dispute. On June 7, 1973, plaintiff asked his immediate superior, Mr. Washek, for a leave of absence to take a critically ill brother to Greece. A check with the personnel department determined that plaintiff was entitled to one personal day and five accrued vacation days. On June 8, 1973, Washek took plaintiff to Bernard Kan, Washek's supervisor, who had authority to approve time off. Necessary forms were completed for the personal day, one for the vacation days and one for a leave of absence. Kan approved plaintiff's absence from work for six working days and told plaintiff he could not approve the request for a leave of 1½ months and that he thought the office downtown would probably not approve it. Robert Miller, Kan's superior, denied the request for leave of absence on June 11, 1973. Plaintiff left for Greece on June 10, 1973, without knowing whether his request for a leave of absence would or would not be granted. Plaintiff admitted in the Commission hearing that Kan told him he could not guarantee that the request for the extended leave of absence would be approved.

The record does not demonstrate that plaintiff left his whereabouts in Greece with anyone in the Department. He testified at the Commission hearing that he heard from his father that he might lose his job. Whereupon he said he called the Department in late June or early July to inquire about his status. He was unable to reach either Washek or Kan, but said he left a message with a Mr. Carmen to have Washek or Kan call him in Greece. The record is silent as to whether Washek or Kan ever actually received such a message, and is also silent as to whether

---

[1] Rule 3-360 provides:
"NOTIFICATION OF ABSENCE.
An employee shall, whenever possible, provide advance notice of absence from work. Absence of an employee for five consecutive working days without reporting to the operating agency may be cause for discharge."

either attempted to call plaintiff. It is to be noted that assuming the call by plaintiff was made on or about July 1, 1973, the plaintiff was already AWOL more than five days. It is also clear that plaintiff made no further attempt to contact anyone in the Department until he returned to Chicago on July 13, 1973, at which time he found his notice of discharge.

The circuit court, after considering the record in the Civil Service Commission and hearing argument of counsel, reversed the decision of the Commission on the ground that the decision was arbitrary and capricious. This appeal followed. We reverse the circuit court.

OPINION

■■ There is no doubt that plaintiff overstayed his assured absence from work by 17 working days. Before he left for Greece he was told his request for an extended leave of absence probably would not be granted. At this point his remaining in Greece beyond June 15, 1973, raises a question of whether the duty to inform him that his requested leave was not granted rested with the Department or whether it was plaintiff's duty to determine whether his requested leave was or was not granted. We note again that the record is silent as to whether anyone in the Department knew of plaintiff's whereabouts in Greece. We hold that the primary duty rested with the plaintiff. Assuming he tried to phone the Department on either June 29 or July 2 or July 3, 1973, he continued to absent himself from work for more than an additional five days.

The trial court found that plaintiff failed to receive a fair and impartial hearing because the charges against plaintiff had charged him with being AWOL during the days for which he was given time off. This court finds no basis in the record for the trial court's ruling. As a matter of fact, plaintiff had requested June 10, 1973, as his personal day and June 11 through 15 for his accrued vacation days. The charge for discharge before the Commission made June 18, 1973, his first AWOL day in violation of Rule 3-360.

■■ Under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 274), the findings of the Administrative Agency on questions of fact are prima facie correct and may be reviewed to determine if they are supported by the evidence. The findings may be set aside only if they are against the manifest weight of the evidence. (*Logan v. Civil Service Co.*, 3 Ill.2d 81, 119 N.E.2d 754.) In the instant case the findings of the Civil Service Commission that plaintiff violated Rule 3-360 of the Illinois Department of Personnel are fully supported by the manifest weight of the evidence.

Based on the foregoing, we reverse the circuit court and remand the cause to the circuit court with directions to affirm the decision of the Civil Service Commission.

Reversed and remanded with directions.

LORENZ, P. J., and DRUCKER, J., concur.